IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| ANGELA M. ZELLNER, § | |
| IVAN L. ZELLNER, and M.Z. § | |
| § | |
| Plaintiffs, § | |
| § | |
| VS. § | Case No. 4:12cv148 |
| § | |
| UNITED STATES OF AMERICA § | |
| and DONNELL DICKERSON § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

The Court held a hearing in the above-referenced matter on May 17, 2012.[1] *Pro se* Plaintiffs Angela and Ivan Zellner and counsel for the Government appeared at the hearing. Having heard the arguments presented and as stated on the record, the United States of America's Motion to Substitute, in part, as Party Defendant (Dkt. 3) is GRANTED. The Court accordingly ORDERS that the United States be, and hereby is, SUBSTITUTED as the proper party defendant with respect to the third cause of action (invasion of privacy) asserted in Plaintiffs' Original Petition and that Donnell Dickerson be, and she hereby is dismissed as a party with respect to that claim only. The Court further ORDERS that the caption of this action shall be amended to reflect the substitution of the United States as a defendant. Defendant Donnell Dickerson will remain a defendant as to the first two causes of action alleged (breach of fiduciary duty and intentional infliction of emotional

---

[1] After the hearing, all parties consented to trial by a magistrate judge and the case was referred to the undersigned for final disposition. *See* Dkt. 28.

distress).

Plaintiffs have filed a motion seeking to remove M.Z. as a Plaintiff in this suit. No opposition to the motion has been filed. Because *pro se* Plaintiffs cannot proceed in this matter representing the interests of another, because Plaintiffs are the masters of their own complaint, and because the Court finds it is in M.Z.'s best interests to be removed, the Court GRANTS the request to remove M.Z. (Dkt. 13) and all claims brought by her are hereby DISMISSED without prejudice. Any future pleadings filed herein shall remove any reference to her as a plaintiff.

Plaintiffs have also filed a Motion to Request a Trial by Jury (Dkt. 17). Generally, Rule 38 of the Federal Rules of Civil Procedure requires that a jury demand be made within 10 days of service of a pleading raising the issue to be tried. FED. R. CIV. P. 38(b). However, under Rule 39 of the Federal Rules of Civil Procedure, "notwithstanding the failure of a party to demand a jury in an action in which such demand might have been made of right, the court in its discretion upon motion may order a trial by jury of any or all issues." FED. R. CIV. P. 39(b). In this circuit, a district court generally should grant a Rule 39(b) motion to permit a jury trial "in the absence of strong and compelling reasons to the contrary." *Fredieu v. Rowan Co., Inc.*, 738 F.2d 651, 653-54 (5th Cir. 1984). Here, Defendant has not filed a written opposition to the request and the case is in its initial phases. Therefore, the Court finds that the motion (Dkt. 17) should be GRANTED and this cause of action shall be placed on this Court's jury docket, to the extent any claims remain that are appropriate for a jury trial.

Until the Court has issued its finding as to Defendant United States of America's Motion to Dismiss for Insufficient Service of Process Under Rule 12(b)(5), for Lack of Personal Jurisdiction

Under Rule 12(b)(2), and for Lack of Subject Matter Jurisdiction Under Rule 12(b)(1) (*see* Dkt. 5), the parties' deadline to conduct their Rule 26(f) conference is ABATED and Plaintiff's motion to extend those deadlines (Dkt. 18) is DENIED as MOOT. If any claims survive the motion to dismiss, the parties shall confer and submit a conference report and proposed scheduling order within 30 days of the Court's order.

    **SO ORDERED.**

    **SIGNED this 12th day of June, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE